FILED
JOHN P. HEHMAN
CLERK

2014 APR -2 PM 3:38

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

KAREN KINDLE

Plaintiff,

v.

**FLEET QUEST LOGISTICS, LLC**

and

**TRACY A. FARRELL**

Defendants.

Case No.: 2:14-cv-310

Judge JUDGE MARBLEY

MAGISTRATE JUDGE DEAVERS

**COMPLAINT WITH JURY DEMAND ENDORSED HEREON**

Scott Elliot Smith (0003749)
Scott Elliot Smith LPA
5003 Horizons Dr. Ste. 200
Phone: (614) 846-1700
Facsimile: (614) 486-4987
ses@sestriallaw.com

Attorney for Plaintiff

Plaintiff, Karen Kindle, files this complaint.

## Overview

On September 11, 2013, a Fleet Quest Logistics semi-tractor trailer barrelled into a line of slow or stopped traffic while, upon information and

belief, the Fleet Quest Logistics driver was distracted to include but not limited to texting and driving, injuring Karen Kindle.

## Parties

1. Plaintiff Karen Kindle is a domiciliary and citizen of the State of Ohio.

2. Defendant Fleet Quest Logistics, LLC ("Fleet Quest") is registered with the Federal Motor Carrier Safety Administration with a USDOT # of 1363184 and is a business entity organized and existing under the laws of the State of Michigan with its principal place of business in Grand Rapids, Michigan. Accordingly, Fleet Quest is a citizen of the Commonwealth of Michigan. Fleet Quest has designated Sanel Fazlic, 1867 Forest Lake Drive, Grand Rapids, Michigan 49546, as its agent for the purposes of service of process under 49 C.F.R. §366.

3. Defendant Tracy A. Ferrell resides at 322 East Corunna Avenue, Corunna, Michigan 48817. He is a domiciliary and citizen of the State of Michigan.

## Statement of Jurisdiction

4. Plaintiff's claims are brought under 28 U.S.C. § 1332(a)(1), based upon diversity of citizenship.

5. Since Plaintiff is a citizen of Ohio, no Defendant is also a citizen of Ohio and the amount in controversy (exclusive of costs and interest) exceeds $75,000, diversity jurisdiction exists in this Honorable Court.

6. Venue is appropriate in this Court as this action arises from a motor vehicle accident occurring at or near Pittsburgh Road and State Route 23, Pickaway County, Ohio, which is located in this judicial district.

## Background Facts

7. On or about September 11, 2013, Karen Kindle was driving her car, traveling northbound on State Route 23.

8. At or near Pittsburgh Road, Karen Kindle approached stopped traffic for a traffic light that was red.

9. At approximately the same time at approximately the same location, Defendant Tracy Ferrell, while in the course and scope of his employment with Defendant Fleet Quest, was operating a semi-tractor trailer on northbound State Route 23.

10. Defendant Tracy Ferrell failed to recognize the slowed or stopped traffic in front of him and collided with a vehicle driven by Amy J. Schneider, killing her, and causing Amy Schneider's car to crash into the rear end of Karen Kindle's vehicle, who was directly in front of the Schneider vehicle.

## FIRST CAUSE OF ACTION
*Negligence of Tracy A. Ferrell*

11. Defendant Tracy Ferrell had a duty to drive his semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, obey all traffic devices and to recognize and yield to slow or stopped traffic.

12. On September 11, 2013, Defendant Tracy Ferrell failed in the above-mentioned duties and is therefore negligent.
13. Defendant Tracy Ferrell's negligence was the direct and proximate cause of Karen Kindle's injuries and damages.
14. As a direct and proximate result of Defendant Tracy Ferrell's negligent acts, Karen Kindle suffered mental anguish, pain and suffering and emotional distress and will continue to suffer mental anguish, pain and suffering and emotional distress into the future.
15. As a direct and proximate result of the Defendant Tracy Ferrell's negligent acts, Karen Kindle sustained injury to her person requiring medical treatment and incurred medical expenses in the past, and she will continue to require medical treatment and incur medical expenses into the future.
16. As a direct and proximate result of the Defendant Tracy Ferrell's negligent acts, Karen Kindle lost wages in the past and expects to sustain lost wages into the future. Karen Kindle's earning capacity has been permanently impaired.
17. As a direct and proximate result of the Defendant Tracy Ferrell's negligent acts, Karen Kindle incurred undetermined miscellaneous expenses relating to bodily injury or property loss in the past and expects to incur miscellaneous expenses into the future including but not limited to diminution in value, as applicable.

**SECOND CAUSE OF ACTION**
*Statutory Violations of Tracy Ferrell*

18. All allegations and causes of action above are incorporated into this cause of action by reference.

19. Defendant Tracy Ferrell violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 392.3, 395.3 and 395.8; O.R.C. §§ 4511.20, 4511.21, 4511.202 and 4511.204.

20. Defendant Tracy Ferrell's statutory violations directly and proximately caused Karen Kindle's injuries and damages.

21. Defendant Tracy Ferrell is negligent *per se* based on these statutory and regulatory violations.

**THIRD CAUSE OF ACTION**
*Claim for Punitive Damages against Defendant Tracy Ferrell*

22. All allegations and causes of action above are incorporated into this cause of action by reference.

23. Defendant Tracy Ferrell's actions demonstrate a conscious disregard for the rights and safety of Karen Kindle and the rest of the motoring public. Plaintiff demands punitive damages against Defendant Tracy Ferrell.

**FOURTH CAUSE OF ACTION**
*Vicarious Liability of Defendant Fleet Quest*

24. All allegations and causes of action above are incorporated into this cause of action by reference.

25. At all relevant times, Defendant Tracy Ferrell was the employee, agent, servant, or independent contractor for Defendant Fleet Quest. Accordingly, Defendant Fleet Quest is vicariously liable for the acts of Defendant Tracy Ferrell described in the causes of action above.

26. Regardless of the employment or agency relationship, Defendant Fleet Quest is an interstate motor carrier responsible for the acts of the defendant driver.

**<u>FIFTH CAUSE OF ACTION</u>**
*Strict Liability of Defendant Fleet Quest*

27. All allegations and causes of action above are incorporated into this cause of action by reference.

28. Defendant Fleet Quest is the registered owner of the USDOT number 1363184 displayed on the truck involved in this collision and is therefore responsible for the acts of Defendant Ferrell.

**<u>SIXTH CAUSE OF ACTION</u>**
*Negligence of Defendant Fleet Quest*

29. All allegations and causes of action above are incorporated into this cause of action by reference.

30. Defendant Fleet Quest had a duty to act reasonably in hiring, instructing, supervising and retaining Defendant Tracy Ferrell, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

31. Defendant Fleet Quest failed in the above-mentioned duties and was therefore negligent.

32. In addition, Defendant Fleet Quest had a duty to use reasonable care to ensure that all motorists on the road were reasonable safe and failed in that duty.

33. Defendant Fleet Quest's negligence was the direct and proximate cause of Karen Kindle's injuries and damages described in this Complaint.

## SEVENTH CAUSE OF ACTION

*Statutory Violations of Defendant Fleet Quest*

34. All allegations and causes of action above are incorporated into this cause of action by reference.

35. Defendant Fleet Quest violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 350-399, and O.A.C. 4901:2-5-02 through 4901:2-5-08.

36. Defendant Fleet Quest's statutory violations directly and proximately caused Karen Kindle's injuries and damages.

37. Defendant Fleet Quest is negligent *per se* based on these statutory and regulatory violations.

## EIGHTH CAUSE OF ACTION

*Claim for Punitive Damages against Defendant Fleet Quest*

38. All allegations and causes of action above are incorporated into this cause of action by reference.

39. Defendant Fleet Quest's actions demonstrate a conscious disregard for the rights and safety of Karen Kindle and the rest of the motoring public. Plaintiff demands punitive damages against Defendant Fleet Quest.

**WHEREFORE**, Plaintiff respectfully requests judgment in her favor and against all Defendants, in an amount in excess of seventy-five thousand dollars ($75,000.00) (exclusive of costs and interest), in addition to punitive damages, costs and other relief that this Honorable Court deems just under the circumstances.

Respectfully submitted,

____________________________

Scott Elliot Smith
Attorney for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all triable issues.

Respectfully submitted,

____________________________

Scott Elliot Smith
Attorney for Plaintiff